# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ANTHONY BUCHANAN, | CASE NO. CV F 08-00304 LJO WMW HC |
| Petitioner, | **ORDER DENYING RESPONDENT'S MOTION FOR RECONSIDERATION** |
| vs. | (Doc. 21.) |
| L. E. SCRIBNER, et al., | |
| Respondents. | |

Before the Court is L. E. Scribner's ("Respondent's") April 17, 2009, Motion for Reconsideration (Doc. 21, "Motion") of the Court's March 31, 2009, Order Appointing the Office of the Federal Defender as Counsel for Petitioner; Directing Clerk of Court to Serve Copy of Order on Appointed Counsel; Scheduling Status Conference (Doc. 17, "March 31 Order"). On May 14, 2009, John Anthony Buchanan ("Petitioner") filed a Response to the Motion. (Doc. 23.)

Respondent moves for the Court to reconsider its March 31 Order directing an evidentiary hearing on Petitioner's 28 U.S.C. § 2254 habeas claim challenging the state trial court's failure to find a prima facie case of prospective juror discrimination pursuant to *Batson v. Kentucky*, 476 U.S. 79 (1986). As discussed below, the Court DENIES reconsideration in the absence of this Court's clear error.

///

**STANDARD OF REVIEW**

On motion and just terms, the court may relieve a party or its legal representative from an order for the following reasons relevant to this case: mistake, inadvertence, surprise, or excusable neglect; or any other reason that justifies relief. Fed. R. Civ. P. 60(b). A motion under Federal Rule of Civil Procedure ("Rule") 60(b) must be made within a reasonable time, but no more than a year after the entry of the order for reconsideration if the basis is mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(c)(1).

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Under Local Rule 78-230(k), a party seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion." L.R. 78-230(k).

**DISCUSSION**

In the March 31 Order, this Court found that Petitioner established a prima facie case that the trial prosecutor utilized peremptory challenges during voir dire on the basis of race in violation of *Batson*. *See* March 31 Order at 20. In reaching this finding, the Court utilized de novo review "[b]ecause the state courts did not address Petitioner's *Batson* claim as to the three Hispanic-surnamed jurors." *Id.* at 11; *see Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002) ("[W]hen it is clear that a state court has not reached the merits of a properly raised issue, we must review it de novo."); *see also Lewis v. Mayle*, 391 F.3d 989, 996 (9th Cir. 2004) (utilizing de novo review when state court reached merits of petitioner's conflict of interest claim but did not resolve issue of waiver in examination of claim); *id.* (declining to give "independent reading of the record" because the state court "was not silent as to its reasoning" and declined petitioner's claim on other non-procedural grounds). The Court noted that the state courts only addressed the first two prospective jurors challenged by the prosecution, and that Respondent did not address this issue nor raise any possible affirmative defense of procedural

default or any procedural bar utilized by the state courts. *See* March 31 Order at 10-11.

To provide context, the Court reiterates the events during voir dire at the trial court. After the prosecutor's second peremptory challenge, defense counsel requested a sidebar, which was held off the record. (Rep.'s Tr. on Augment ("RTA") 54-55.) After the sidebar, defense counsel exercised his second peremptory challenge, followed by the prosecutor's third peremptory challenge. (*Id.* 55.) Defense counsel made no objection, nor did he request a sidebar after the prosecutor's third peremptory challenge. (*Id.*) Defense counsel instead accepted the jury, as did the prosecutor. (*Id.*) After the jury was sworn and the alternates selected, defense counsel stated, "And, Your Honor, before we go off the record, should we discuss that we had an issue of the jurors and the court found that there–", to which the trial court responded "At that time . . . the court found that there was no prima facie evidence indicating *Batson-Wheeler* issues." (Lodged Doc. ("LD") 4 at 8.)

Respondent, in his Motion, argues that the Court committed error by analyzing all three prospective jurors struck by the prosecutor,[1] and that the Court should have analyzed only the first two stricken prospective jurors. (Mot. 1, 4-6.) Respondent states that at the time defense counsel objected and the trial court rendered its prima facie ruling, the prosecutor had only challenged two jurors. (*Id.* 1-4, 6.) Respondent contends that Petitioner explicitly and repeatedly stated in his state court briefs and federal petition that he was challenging the trial court's prima facie ruling, which only analyzed the first two stricken prospective jurors. (*Id.*) Respondent concludes that to the extent Petitioner seeks to challenge something more than the trial court's ruling, the claim is unexhausted. (*Id.* 6.)

## Petitioner's *Batson* Claim

Respondent focuses heavily on the title captions to Petitioner's *Batson* claim before the California Court of Appeal, California Supreme Court, and this Court. (*See* Mot. 2-6.) Petitioner's title caption to his *Batson* claim in his briefs before the court of appeal and the supreme court were identical: "[PETITIONER]'S CONVICTION MUST BE REVERSED BECAUSE THE TRIAL COURT ERRED IN FAILING TO FIND A PRIMA FACIE CASE OF *BATSON/WHEELER* ERROR." (LD 1 at 6; LD 5 at 5.) Petitioner's title caption to his federal petition was similarly identical to his state court captions:

---

[1] All further references to stricken prospective jurors are to those struck by the prosecutor, not by defense counsel.

3

1 "Petitioner's conviction must be reversed because the Trial Court erred in failing to find Batson/Wheeler
2 Error." (Pet. 4.)[2] In his federal petition, Petitioner attached his opening and reply briefs before the court
3 of appeal, amongst other attachments. (*See generally* Pet.)
4       In both the court of appeal and supreme court briefs (and by extension, his federal petition, *see*
5 *supra*), Petitioner proceeded to discuss and analyze all *three* prospective jurors allegedly challenged on
6 the basis of race. (*See* LD 1 at 8-10; LD 5 at 7-9.) In both his opening brief before the court of appeal
7 and in his petition for review before the supreme court, Petitioner then argued that a prima facie case
8 of *Batson* error was established by the circumstances:

> In this case, the prosecution exercised *three* peremptory challenges, and all *three* of its challenges were exercised against Hispanic persons. The voir dire of the jurors indicates that all *three* would have been acceptable jurors. *Under these circumstances, a prima facie case was established and the trial court should have so found*. The statistical fact that all *three* of the prosecution's challenges were exercised against Hispanics, by itself, was enough to raise an inference of discriminatory purpose. . . .
> . . . .
> [Petitioner's] position here is similar. Here, as in [*United States v.*] *Alanis*[, 335 F.3d 965 (9th Cir. 2003)], *the prosecution used all of its challenges against a particular group*. Here, as in *Alanis*, the voir dire of the jurors indicated no logical reason for their being struck apart from their group affiliation. Certainly, and particularly in light of the innocuous and unremarkable answers given by the *three* Hispanic jurors on voir dire, an inference of discriminatory purpose could be drawn, and that was all that was necessary to establish a prima facie case.
> In unjustifiably relieving the district attorney of the responsibility to provide a race-neutral explanation for these exclusions, the trial court abused its discretion and a new trial is therefore required.

18 (LD 1 at 16-17, 19 (emphasis added); *see also* LD 5 at 12, 14.) As can be seen by the quoted text and
19 emphasized language therein, Petitioner did not restrict his claim to the first two challenged prospective
20 jurors; he argued that the challenge to all three jurors was in violation of *Batson*. That defense counsel
21 at trial only objected after the second prospective juror was challenged does not change the Court's
22 analysis. Respondent claims that reading the aforementioned title caption and supporting arguments
23 necessarily leads to the conclusion that Petitioner was only challenging the trial court's *decision*, which
24 only included a finding on the first *two* jurors. Although the court of appeal construed the trial court's
25 decision to only include an analysis of the first two stricken jurors (*see* LD 4 at 8)—ostensibly due to
26 the unrecorded sidebar conference following the second challenge and defense counsel's failure to object

---

[2] For ease of reference, the Court utilizes the CM/ECF pagination in the Petition.

after the third stricken juror[3]—this does not change the fact that Petitioner challenges the decision as failing to find a prima facie *Batson* violation on all *three* jurors, regardless of the lack of an objection after the third stricken juror.

The Court's reading of Petitioner's claim is further supported by the California Court of Appeal's understanding of the claim: "[Petitioner's] second argument is that the prosecution's exercise of three peremptory challenges, all of Hispanic persons, establishes a prima facie case of group bias and requires that we reverse this case for a new trial." (LD 4 at 7.) The court of appeal proceeded to analyze Petitioner's claim only as to the first two stricken prospective jurors and not with regard to the third juror: "Because [Petitioner] did not raise a *Batson/Wheeler* issue regarding the People's challenge to [the third stricken prospective juror], we need not consider the challenge to [the third juror] in our analysis." (LD 4 at 8.) Despite the court of appeal's decision not to analyze the third juror, the court of appeal *understood* Petitioner's claim was founded upon the exclusion of all three jurors.[4]

The Court makes no finding regarding the propriety of any alleged decision or failure of the trial court not to analyze the third stricken prospective juror, or whether the trial court had a *sua sponte* obligation to analyze that juror. It is understandable that the trial court may not have analyzed the third stricken juror, as apparently construed by the court of appeal, because defense counsel at voir dire did not object after the third juror was stricken, and a sidebar conference was held before, not after, the third juror was challenged. Nonetheless, Petitioner, in all his state court briefs and federal petition, argues that a prima facie *Batson* violation occurred by the prosecutor's challenge to all three jurors and that the trial court's finding no prima facie *Batson* violation, despite the apparent exclusion of the third juror in its analysis, was erroneous.

Accordingly, Respondent fails to show that the Court "committed clear error" by analyzing all three stricken prospective jurors in Petitioner's *Batson* claim. *ACandS*, 5 F.3d at 1263.

---

[3] To the extent that the California Court of Appeal made a factual determination regarding which prospective jurors were analyzed by the trial court, or at what point in time the trial court made its ruling, that determination is presumed correct and Petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

[4] Accordingly, the Court finds unpersuasive Respondent's argument that "Petitioner's reference to [the third stricken juror] in his state appellate briefs was either based on the mistaken belief that [the third stricken juror] was challenged before the trial court made its prima facie ruling. . . or was submitted (erroneously) as further evidence that the trial court's prima facie decision was wrong." (Mot. 6.)

5

**Exhaustion**

Respondent argues that to the extent Petitioner seeks to challenge something more than the trial court's ruling, that claim is unexhausted. (Mot. 6.) Respondent states that Petitioner's state court briefing "indicates that his legal claim was directed solely at the trial court's prima facie determination," and that Petitioner "did not identify any other legal claim." (*Id.* 7.)

A state prisoner must exhaust a federal constitutional claim in state court before a federal court may consider that claim. *See* 28 U.S.C. § 2254(b)(1)(A), (c); *Picard v. Connor*, 404 U.S. 270, 275 (1971). "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Picard*, 404 U.S. at 275. "Pursuant to § 2254(c), exhaustion typically requires that 'state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.'" *Chambers v. McDaniel*, 549 F.3d 1191, 1195 (9th Cir. 2008) (*quoting O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). "[E]xhaustion does not require repeated assertions if a federal claim is actually considered at least once on the merits by the highest state court." *Id.* (*quoting Greene v. Lambert*, 288 F.3d 1081, 1086 (9th Cir. 2002)).

A claim has not been "fairly presented" unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which the prisoner's claim is based. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Picard*, 404 U.S. at 275-78; *see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) ("[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief."). "[A] state prisoner does not fairly present a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin v. Reese*, 541 U.S. 27, 32 (2004) (internal quotation marks omitted).

Furthermore, the "State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement." 28 U.S.C. § 2254(b)(3).

Here, as stated previously, Petitioner's claim in his federal petition was that his "conviction must

be reversed because the Trial Court erred in failing to find Batson/Wheeler Error." (Pet. 4.) Petitioner then attached his opening and reply briefs to the California Court of Appeal, which, as discussed above, argue that the prosecutor's use of peremptory challenges against three Hispanic-surnamed prospective jurors violated *Batson*.

Petitioner fairly presented this federal claim and attendant facts in the state courts. Both before the California Court of Appeal and the California Supreme Court, Petitioner directed attention to the trial court's failure to find a prima facie case of prospective juror discrimination pursuant to federal law under *Batson*. *See Baldwin*, 541 U.S. at 32 ("A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'"). In both the court of appeal and the supreme court, Petitioner reiterated the operative facts that led to the allegation of a *Batson* violation: that the prosecutor exercised all three peremptory strikes based on the race of the prospective jurors. *See Gray*, 518 U.S. at 162-63. The court of appeal even stated it understood that "[Petitioner's] . . . argument is that the prosecution's exercise of three peremptory challenges, all of Hispanic persons, establishes a prima facie case of group bias and requires that we reverse this case for a new trial." (LD 4 at 7.)

Accordingly, Petitioner's *Batson* claim is exhausted, and Respondent fails to show that the Court "committed clear error" by analyzing all three stricken prospective jurors in Petitioner's *Batson* claim. *ACandS*, 5 F.3d at 1263.

**CONCLUSION AND ORDER**

For the foregoing reasons, the Court DENIES Respondent's Motion for Reconsideration (Doc. 21).

IT IS SO ORDERED.

**Dated:   May 19, 2009**          **/s/ Lawrence J. O'Neill**
                                                    UNITED STATES DISTRICT JUDGE