IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ANTHONY BUCHANAN,<br><br>          Petitioner,<br><br>   vs.<br><br>L. E. SCRIBNER, et al.,<br><br>          Respondents.<br>_____/ | CASE NO. CV F 08-00304 LJO YNP HC<br><br>**ORDER REQUIRING CLARIFICATION OF RESPONDENT'S MOTION FOR ORDER GRANTING CONDITIONAL WRIT**<br>(Doc. 25.) |

Before the Court is L. E. Scribner's ("Respondent's") May 28, 2009, Motion for Order Granting Conditional Writ ("Motion"). (Doc. 25.) Respondent states that he "moves for the issuance of a conditional writ of habeas corpus ordering Petitioner's release, without prejudice to arrest and retrial, if the state trial court does not conduct an evidentiary hearing directed at the second step of the *Batson* [*v. Kentucky*, 476 U.S. 79 (1986)] analysis within 90 days of this Court's order." (Mot. 6; *see also id.* 1.)

**PROCEDURAL HISTORY**

On March 31, 2009, this Court found that John Anthony Buchanan ("Petitioner") established a prima facie case that the trial prosecutor utilized peremptory challenges during voir dire on the basis of race in violation of *Batson*. *See* March 31, 2009, Order at 20. The Court ordered that an evidentiary hearing be set, and on April 20, 2009, the Court scheduled an evidentiary hearing for the *Batson* issue on July 10, 2009. (Doc. 22.)

On April 17, 2009, Respondent filed a Motion for Reconsideration of the Court's March 31, 2009, Order finding a prima facie *Batson* violation and setting an evidentiary hearing. (Doc. 21.) On May 20, 2009, the Court denied the Motion for Reconsideration. (Doc. 24.)

**DISCUSSION**

Respondent argues that principles of federalism and comity dictate that the California courts should have the opportunity to carry out the further factual inquiry called for by *Batson*. (Mot. 2.)

1

Respondent admits that this Court is not barred from holding the evidentiary hearing. (*Id.*)

However, in requesting that the state courts conduct the evidentiary hearing into Petitioner's *Batson* claim, Respondent states that if the state courts do not conduct the evidentiary hearing within a time period designated by the Court, then Petitioner shall be released without prejudice to arrest and retrial. (Mot. 1, 6.)

It is not clear to the Court whether Respondent is in fact admitting that *Batson* error has occurred, even if Respondent's request couches Petitioner's release without prejudice to retrial on the state court's failure to conduct an evidentiary hearing within a time designated by the Court.

## **ORDER**

Accordingly, the Court ORDERS:

(1) Within **three (3) calendar days** of the date of this Order, Respondent is ORDERED to clarify his request for relief;

(2) Respondent is FURTHER ORDERED, within **three (3) calendar days** of the date of this Order, to state whether he is admitting that the trial prosecutor exercised peremptory challenges in a racially discriminatory manner during jury selection at Petitioner's state court trial;

(3) If Respondent admits that the trial prosecutor exercised peremptory challenges in a racially discriminatory manner during jury selection, the Court will issue a conditional writ of habeas corpus ordering Petitioner's release unless the state of California notifies the Court within a specified period of time of its intent to retry Petitioner and commences retrial; and

(4) If Respondent does not admit that the trial prosecutor exercised peremptory challenges in a racially discriminatory manner during jury selection, Respondent's Motion for Order Granting Conditional Writ is DENIED, and the July 10, 2009, evidentiary hearing will remain on schedule.

Failure to comply with this Order may be grounds for the imposition of sanctions on Respondent. *See* L.R. 11-110. IT IS SO ORDERED.

**Dated:   June 9, 2009**            /s/ Lawrence J. O'Neill
                                             UNITED STATES DISTRICT JUDGE