IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ANTHONY BUCHANA, | CASE NO. CV F 08-0304 LJO YNP HC |
| Petitioner, | **ORDER ON PRIOR JUVENILE OFFENSES** |
| vs. | |
| L.E. SCRIBNER, et al, | |
| Respondents. | |

As a result of a petition for a writ of habeas corpus which was filed on February 22, 2008 pursuant to 28 U.S.C. § 2254 by petitioner John Anthony Buchanan ("petitioner"), this Court issued a March 31, 2009 order. In that order, the Court found that a prima facie case had been made that the Prosecutor had utilized his peremptory challenges at the state court trial in violation of *Batson v Kentucky*, 476 U.S. 79 (1986). At the April 2005 trial, petitioner was convicted of carjacking and resisting/obstructing an officer, and personal use of a deadly or dangerous weapon. He admitted two prior juvenile adjudications before the trial judge. Ultimately he was sentenced to 27 years to life.

The petition in this action pursues claims that:

1. The trial court erred by finding that petitioner did not establish a prima facie case of racial bias during jury selection pursuant to *Batson*; and

2. Use of his prior juvenile adjudications as a sentencing enhancement violated his right to jury trial under the Sixth Amendment.

With its March 31, 2009 order this Court declined to address the jury trial claim because

1

1  resolution of the *Batson* claim had potential of affecting the petitioner's jury trial claim.

2  On July 17, 2009, this Court conducted an evidentiary hearing. At the hearing, the following
3  witnesses testified:

4      1.     Fresno County Deputy District Attorney Carl Monopoli; and

5      2.     Fresno County Deputy Public Defender Franz Criego;

6  The two witnesses were the trial attorneys in the underlying state court action.

7  After testimony and oral argument, this Court ruled that the State had showed that the
8  prosecutorial reasons for the peremptory challenges were race-neutral and denied the granting of the writ
9  on that basis. Because the second issue in the petition had not been addressed by the this Court's March
10 31, 2009 order, petitioner's counsel was given the opportunity to decide whether she wished to provide
11 further briefing on the sole issue that remained for adjudication. On July 22, 2009, this Court and
12 California Deputy Attorney General Brian Means were notified in writing by Assistant Federal Defender
13 Ann Voris that she wished to file a supplemental brief addressing the use of the petitioner's juvenile
14 priors to enhance the sentence. She committed to filing the supplemental documents by August 7, 2009.

15 This Court reviewed the supplemental documents and deems this matter submitted.

16 Petitioner's distilled issue and contention **in the petition** is that use of non-jury juvenile
17 adjudications to enhance his sentence under the California Three Strikes Law violates his Sixth
18 Amendment rights under *Apprendi v New Jersey,* 530 U.S. 466 (2000), because the juvenile
19 adjudications were not decided by a jury.

20 The Ninth Circuit Court of Appeals in *Boyd v Newland*, 497 F.3d 1139 (9th Cir. 2006),
21 recognized that the United States Supreme Court has not explicitly spoken on the use of non-jury
22 juvenile adjudications to enhance a sentence, and therefore a state's use of non-jury juvenile
23 adjudications cannot be said to be contrary to, or an unreasonable application of, United States Supreme
24 Court precedent. *Boyd*, 497 F.3d at 1152. The First Circuit (*U.S. v Matthews,* 498 F.3d25), Third
25 Circuit (*U.S. v Jones*, 332 F.3d 668), Sixth Circuit (*U.S. v Crowell*, 493 F.3d 744), Eighth Circuit (*U.S.
26 v Smalley*, 294 F.3d 1030), and Eleventh Circuit (*U.S. Burge*, 407 F.3d 1183) agree.

27 As pointed out in the supplemental brief, recently the California Supreme Court ruled on the
28 same issue in the instant matter before this Court. Suffice it to say, petitioner's counsel is not a fan of

the ruling. In that case *People v. Vince Vinhtuong Nguyen* (July, 2009) 46 Cal.4th 1007, the defendant there, like here, waived his statutory right to a jury trial under Penal Code section 1025(a), (b) and 1158 on the issue of whether he had suffered a prior strike. In *Nguyen*, the question was tried to the sentencing court on the basis of the court file in the prior juvenile matter. In the instant case, petitioner admitted to the fact of two prior juvenile adjudications (Clerk's Transcript, 53; Lodged Document 4 at 2).

The California Supreme Court noted that the *Nguyen* defendant did not come within the *Apprendi* rule because he had been afforded a right to a jury trial in that proceeding on the issue of whether he had suffered the alleged prior strike and had waived that right. The California Supreme Court held that non-jury juvenile adjudications can be used to enhance a sentence without violating the Sixth Amendment or *Apprendi* because juvenile adjudication, despite the absence of a jury, affords a juvenile defendant plenty of procedural safeguards to ensure due process.

Given the authority in the Ninth Circuit, coupled with the supporting authorities in other circuits, this Court finds that the State of California's use of non-jury juvenile adjudications to enhance a sentence for a crime committed while an adult is not contrary to nor an unreasonable application of the United States Supreme Court precedent (28 U.S.C. 2254(d)), nor is it a violation of Due Process.

**ORDER**

The Court DENIES the Petition on the grounds stated above, and because all claims have been addressed, the Petition for Habeas Corpus is DENIED in its entirety. The clerk is directed to enter judgment in favor of respondents and against petitioner John Anthony Buchanan and to close this action.

IT IS SO ORDERED.

**Dated:   August 12, 2009**                    **/s/ Lawrence J. O'Neill**
                                                UNITED STATES DISTRICT JUDGE